# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YIU MING POON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KNIGHT REFRIGERATED, LLC, et al.,<br><br>Defendants. | Case No. 1:18-cv-01608-DAD-SAB<br><br>ORDER REQUIRING PLAINTIFFS' COUNSEL, JEFFREY BOHN, TO SHOW CAUSE WHY SANCTIONS SHOULD NOT ISSUE FOR FAILURE TO COMPLY WITH COURT ORDER AND CONTINUING SCHEDULING CONFERENCE TO FEBRUARY 12, 2019<br><br>(ECF No. 6)<br><br>FIVE-DAY DEADLINE |

Yiu Ming Poon, and Lai Chiang Joanna Wu ("Plaintiffs") filed this action in the Superior Court of Tulare County on October 5, 2018. (ECF No. 1-1.) Knight Refrigerated, LLC and Carolyn Jean Kline ("Defendants") removed the action to the Eastern District of California on November 20, 2018. (ECF No. 1.) On November 21, 2018 the order setting the mandatory scheduling conference was filed. (ECF No. 6-1.) Pursuant to the November 21, 2018 order, the parties were required to file a joint scheduling report one week prior to the scheduling conference. (Id. at 2.) The order also provided that if a party failed to participate in the joint report, the "offending party may be subject to sanctions, including monetary sanctions to compensate the non−offending party's time and effort incurred in seeking compliance with this Scheduling Order." (Id.)

1

On January 22, 2019, Defendant filed a unilateral scheduling report. (ECF No. 7.) Defendants stated that they had attempted to meet and confer with Plaintiffs' counsel on November 9, 2018, December 3, 2018, January 4, 2019, January 8, 2019, and January 14, 2019, both by telephone, mail, and email, but have not received a response from Plaintiffs' counsel, Jeffrey Bohn. (Decl. of Jeffrey Y. Choi, ECF No. 7-1.)

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

The Court also notes that the scheduling report filed by Defendants does not comply with this Court's scheduling order requirements.[1] Counsel is advised that rather than using a prior scheduling template, counsel should refer to the specific requirements of the judge for whom the report is being provided. As the scheduling report filed was not in compliance with the November 21, 2018 order, the scheduling conference shall be continued and the parties shall file a joint scheduling report that follows this Court's requirements.

Accordingly, IT IS HEREBY ORDERED that:

1. The scheduling conference set for January 29, 2019 is CONTINUED to **February 12, 2019, at 3:30 p.m.** in Courtroom 9;

2. The parties SHALL FILE a joint scheduling report that complies with November 21, 2018 order setting the mandatory scheduling conference **seven (7) days** prior to the scheduling conference;

3. Plaintiffs' counsel, Jeffrey Bohn, SHALL SHOW CAUSE IN WRITING within **five (5) days** of the date of entry of this order why sanctions should not issue for the failure to participate in the joint statement as required by the November 21,

---

[1] The Court notes that the report refers to the Local Rules of the Central District of California. (ECF No. 7 at 5-6.) The parties are directed to this Court's Order Setting the Mandatory Scheduling Conference for the form and contents of the joint report. (ECF No. 6-1 at 3-6.)

2

2018 order setting the mandatory scheduling conference; and

4. Plaintiffs are advised the failure to comply with this order may result in the issuance of sanctions, up to and including dismissal of this action for failure to comply with a court order.

IT IS SO ORDERED.

Dated: **January 23, 2019**

UNITED STATES MAGISTRATE JUDGE