# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YIU MING POON, et al., | Case No. 1:18-cv-01608-DAD-SAB |
| Plaintiffs, | ORDER REQUIRING JEFFREY DAVID BOHN TO PAY SANCTIONS OF $100 PER DAY |
| v. | |
| KNIGHT REFRIGERTED, LLC., et al., | (ECF Nos. 8, 9) |
| Defendants. | |

**I.**

**BACKGROUND**

Yiu Ming Poon, and Lai Chiang Joanna Wu ("Plaintiffs") filed this action in the Superior Court of Tulare County on October 5, 2018. (ECF No. 1-1.) Knight Refrigerated, LLC and Carolyn Jean Kline ("Defendants") removed the action to the Eastern District of California on November 20, 2018. (ECF No. 1.) On November 21, 2018 the order setting the mandatory scheduling conference was filed. (ECF No. 6-1.) Pursuant to the November 21, 2018 order, the parties were required to file a joint scheduling report one week prior to the scheduling conference. (Id. at 2.) The order also provided that if a party failed to participate in the joint report, the "offending party may be subject to sanctions, including monetary sanctions to compensate the non−offending party's time and effort incurred in seeking compliance with this Scheduling Order." (Id.)

1

1        On January 22, 2019, Defendants filed a unilateral scheduling report. (ECF No. 7.) Defendants stated that they had attempted to meet and confer with Plaintiffs' counsel on November 9, 2018, December 3, 2018, January 4, 2019, January 8, 2019, and January 14, 2019, both by telephone, mail, and email, but have not received a response from Plaintiffs' counsel, Jeffrey Bohn. (Decl. of Jeffrey Y. Choi, ECF No. 7-1.) Based on the representation that Plaintiffs' counsel had failed to comply with the November 21, 2018 scheduling order, an order was filed on January 23, 2019, requiring Plaintiffs' counsel, Jeffrey Bohn, to show cause why sanctions should not issue for the failure to comply within five days. (ECF No. 8.) Receiving no response to the January 23, 2019 order to show cause, an order issued on January 31, 2019, requiring Plaintiffs to personally appear at hearing on February 6, 2019, to show cause why sanctions should not issue for the failure to comply with this Court's orders. (ECF No. 9.)

       A show cause hearing was held on February 6, 2019. Plaintiffs did not appear. Counsel Jeffrey Choi appeared telephonically for Defendants.

## II.

## LEGAL STANDARD

       The Federal Rules of Civil Procedure provides that the underlying purpose of the rules is to secure the just, speedy and inexpensive determination" of an action. Fed. R. Civ. P. 1. To effectuate this purpose the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. See e.g. Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Rule 16(f) of the Federal Rules of Civil Procedure authorizes the court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

       The court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). The court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the court. Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980). In order to coerce a defendant to comply with the court's orders, the court may issue sanctions for every day the defendant fails to respond to the court's orders to show cause. See Lasar v. Ford

Motor Co., 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

The Local Rules of the Eastern District of California ("L.R.") provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." L.R. 110. Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." L.R. 184(a). "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice." L.R. 184(a)

### III.

### DISCUSSION

Here, Plaintiffs have failed to meet and confer in developing the joint scheduling report as ordered in the November 21, 2018 scheduling order. Mr. Bohn has failed to comply with the order requiring him to show cause in writing why sanctions should not issue for the failure to comply with the requirement that Plaintiffs participate in the scheduling report and Plaintiffs did not appear at the February 6, 2019 show cause hearing as ordered.

During the February 6, 2019 hearing, Mr. Choi stated that he was able to contact Mr. Bohn last week and that the parties have agreed to settle this action. Mr. Choi understood that Mr. Bohn was to have filed a notice of settlement by February 5, 2019. Mr. Choi also stated that he was told by Mr. Bohn that his child had been ill and that is why he has not responded to Mr. Choi's attempts to contact him.

While the Court is sympathetic to family issues, it does not excuse the complete failure to respond in this action. If counsel is having such issues which are precluding him from participating in this action he should have addressed it with the Court. The Court finds that monetary sanctions are appropriate to compel Mr. Bohn to respond to this Court's orders.

3

Therefore, daily sanction shall be imposed to compel Mr. Bohn to respond. Mr. Bohn shall pay a sanction of $100.00 for his failure to appear at the February 6, 2019 hearing, and an additional $100.00 for each day that he fails to respond to this Court's orders to show cause.

## VI.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Jeffrey Bohn shall pay $100.00 to the Clerk of the Court as a sanction for his failure to appear at the show cause hearing. Mr. Bohn shall pay the Clerk of the Court $100.00 per day until he files a response to the order to show cause.

IT IS SO ORDERED.

Dated:  **February 6, 2019**

UNITED STATES MAGISTRATE JUDGE